JOHN EMERICK v. ARMSTRONG, GRANDIN, AND OTHERS.

*Administrator—Appeal.*

In a joint action against several defendants, one may appeal the whole cause as to those against whom judgment is rendered with himself, by giving the bond required by law.

An executor or administrator, defendant in a joint suit, can appeal the cause as to co-defendants, without any security being given.

516

A cause settled by agreement will not be examined into where there is no suggestion of fraud.

THIS was a bill in chancery, prosecuted by the complainant against Armstrong and Grandin, survivors of John H. Piatt, deceased, his heirs and administrators, and the administrators of A. H. Ernst, deceased. While the suit was pending in the common pleas, the subject of it was adjusted between the parties; but they could not agree who should pay the costs. They thereupon entered into a written agreement, to submit the question of costs to be decided by the court of common pleas, as though no adjustment had been made, and upon hearing, the court of common pleas decreed costs against the defendants. From this decree the defendants *appealed, but gave no bond, the administrators of [514 Piatt and Ernst contending that they had a right to appeal, under the law, without giving security. A motion was made in the Supreme Court to quash the appeal, and the decision of this motion as well as on the final hearing of the case was adjourned to this court.

N. WRIGHT, for the complainant:

In this case Armstrong and Grandin, and the heirs of Piatt are the parties really interested. It is even doubtful whether it were necessary to make the administrators parties, but it is clear that the decree could not affect them, except for costs. However, therefore, it might be in case where administrators, or the estate they represent, would be liable to satisfy the decree, yet, in the present case, where those who are defendants in their own rights, are alone to be affected by it, they are not exempt from giving bond. 2 Mun. 341. The intention of the statute is to give a plaintiff security for his claim, wherever the defendant, by his own act, makes void a judgment or decree once rendered, and obtains delay. In case of administrators, when the claim is against the estate they represent, the administration bond stands in the place of such security; but where a co-defendant will alone be liable to satisfy the judgment, that bond is no security whatever, and the plaintiff loses entirely the right secured to him by statute. It would be unjust that an administrator, in every case where he may be made party merely for purposes of discovery, account, etc., having no interest of the estate to defend, should be able to drag

with him into the Supreme Court any suit, however important, and defeat any decree, whatever the amount, for which his co-defendants only were liable. In such a case, should the question arise whether the administrator was a proper party, the court would be placed in an awkward situation. If the bill be dismissed as to the administrator, he being not a proper party, the case is not appealed, and this court have no jurisdiction over it, not even to make that order.

Our appeal is purely a creature of the statute; the arbitrary act of the party perfects the appeal and gives jurisdiction to the Supreme Court. If the steps have been taken which the law requires, the judgment or decree in the *court below is annulled, and the suit is in progress as though it had never been rendered; if not, the Supreme Court has no jurisdiction of the case. The general requisition of the statute is, that bond shall be given; the exception is, that administrators, etc., may prosecute "appeals by them made," without bond. They may prosecute their own appeals, but not those of others. The persons who are defendants in their own right must give bond, or no appeal is made; the exception can not extend beyond the terms of it, and the legislature might easily have embraced the present case, had such been their intention. The spirit of the statute is to protect administrators, etc., from personal liability, and they can in no case be required to execute a bond on appeal; but it does not follow that the appeal is perfected without bond in a case like the present. This construction may sometimes subject administrators to inconvenience, but the same inconvenience often results from disobliging associates as party in a suit.

This appeal ought to be dismissed upon its own peculiar circumstances. It is a decree upon a question referred to the court by consent, upon an agreement by the parties to conform to the decree that might be rendered. The litigation was settled upon the faith of that agreement, and the decree is only for costs. 2 Mad. Ch. 438; 2 Johns. 138; 11 Mass. 394.

If the appeal be sustained, the court ought not to investigate the merits, but affirm the decree below. It is in the nature of an award, and concludes the parties in the same manner with an award.

B. PIATT, in support of the appeal:

It is admitted that the law does not contemplate imposing any act upon an executor or administrator which shall subject him to incur a personal responsibility in the fair and honest execution of his trust. This admission is considered a surrender of the question. The administrator is made defendant without any volition of his own, and he has no control over his co-defendant. Should he deem the decree or judgment against him erroneous, he can not appeal unless his co-defendant will unite with him and give a bond. The consequence may be, that he must submit to a decision deemed unjust, or take a personal *responsibility upon [516 himself. The absolute right of appeal given to executors and administrators, without giving security, is thus embarrassed and restricted. It were safer to extend their privilege to their co-defendant, than thus to embarrass them.

The peculiar circumstances of this decree can not affect the right of appeal. This is given from all decrees, and here is a decree. That the opinion of the court was, by consent of parties, confined to a single point, instead of extending to the whole case, can make no difference.

By the COURT:

The first question to be decided in this case is, whether an administrator can, by appealing, take up the case as to his co-defendants, without any bond being given upon the appeal. Many reasons may be urged, with about equal force, upon both sides of this question.

There are some cases in which one of several co-defendants may appeal the cause separately without affecting the others. This may be done where the action is in its nature joint and several. In an action of trespass, tried in the supreme court of Warren county, against two defendants, one was acquitted and the other found guilty by the jury. The court decided that the defendant convicted had a right to appeal without his co-defendant; and that the plaintiff, if he wished to keep both parties in court, could do it by appealing himself.

But where the action is joint, the defendants must stand or fall together, and the question presents more difficulty.

It may be said, shall one defendant, who is satisfied with the judgment, be compelled to follow his co-defendant to the Supreme

Court, where additional costs may be awarded, and higher damages? And this in a case where the defendant who appeals is irresponsible, and that very irresponsibility a strong inducement to indulge a litigious disposition, in the security of having nothing to lose? In this there would be great injustice.

On the other side, it may be asked, shall the only responsible defendant, and upon whom the whole burden rests, be deprived of his appeal, where he thinks justice has not been done him, because his co-defendant, secure in his *poverty, will not unite in consummating the appeal? This result would at least be equally unjust. The question, therefore, must be decided without reference to the inconvenience of either view of it, and upon the naked matter of right and power under the statute.

The provision of the law is, that in civil cases an appeal shall be allowed of course from any judgment or decree. The mode is prescribed in which the party wishing to appeal shall consummate it. One defendant can give notice, and if he can give the bond the law requires, he can perfect the appeal. No act is required calling for the joint agency of all the defendants; but the whole power of appealing the cause is given to any party who desires to exercise it. To require the concurrence of all the defendants in consummating an appeal, would be to give the statute an interpretation not warranted by its terms, nor by its general object and spirit. The court are consequently of opinion, that in a joint action one defendant or one plaintiff can appeal the whole cause by giving the notice and the bond required by law.

The law regulating this right of appeal directs, that in general cases the appellant shall give a bond, but with respect to executors and administrators the right of appeal is given upon different terms; no bond is required, and it is sufficient for an executor or administrator to give notice and docket the appeal in the Supreme Court. As one defendant can consummate an appeal of the whole case by doing what the law requires in giving the bond, so, by the same rule, an executor or administrator, by doing what the law requires of him, can perfect an appeal of the cause, not only for himself, but for his co-defendants, in all cases where the interest is joint, and where an appeal as to one must be an appeal as to all. This must be the rule, otherwise the administrator can not use the privilege of appeal without subjecting himself to a responsibility not imposed by law.

Against this rule it is objected, that it permits the privilege given to executors and administrators alone, to be enjoyed by others for whom it was not intended, and thus prejudices the plaintiff's right to have security upon the appeal. This is true; but the absolute right of the administrator *to appeal, without giving secu-    [518 rity, is as clear and as strong as the absolute right of the plaintiff to have security from the co-defendant, and it is certainly the policy of our laws, that, in this collision, the right of the administrator should prevail.

The exemption is secured to him that he may proceed with confidence in protecting the interests committed to him; for were his duty to be connected with his personal responsibility, the feelings of self-interest might prevail so far that the administrator would regard rather his own safety than the interest under his direction. Require an executor or administrator to give security upon an appeal, and you require him to hazard his own estate; for, as the law now stands, he would be personally liable upon his bond, and personally liable to indemnify the security in case of loss. Impose this responsibility upon an executor or administrator, and its natural consequence would be to induce, at least in cases of difficulty, an abandonment of the interests he represents and should protect. It is obviously of much more public importance that the estates of deceased persons should be faithfully administered, than that an individual, setting up a claim against such estate, should fail to obtain an additional security for his claim in the progress of litigation. For it must be remembered, that in allowing the appeal to be perfected, without the bond and security, the complainant loses nothing that he ever possessed; and in respect to the right so confidently asserted to be an absolute one, it is, in fact, a decision that upon a just construction of the whole statute, no such right is, in the particular case, secured to him. The appeal must be sustained.

The merits of the case are easily disposed of. The parties have settled the subject of controversy, and by written agreement referred the question of costs to the court of common pleas, to be decided upon the point whether the complainant's bill could be sustained; and if sustained, to tax the costs against the defendants, otherwise against the complainant. This point the court of common pleas decided in favor of the complainant; and thus the whole cause is disposed of under the agreement of the parties by the umpire to whom they referred it. Nothing is left for this *court    [519

to do, but decree the costs to the complainant, conformable to this agreement. This court never investigates the rights of parties settled by themselves, except upon suggestion of fraud or imposition.